UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEIRE FUNK,<br><br>   Plaintiff,<br><br>  v.<br><br>BANK OF HAWAI'I, et al.,<br><br>   Defendants. | Case No. 20-CV-01378-BLF<br><br>**ORDER GRANTING MOTION FOR REMAND AND REQUEST FOR ATTORNEYS' FEES; TERMINATING DEFENDANT MTGLQ INVESTORS, L.P.'S MOTION TO DISMISS WITHOUT PREJUDICE**<br><br>[Re: ECF 11; 17] |

  Plaintiff Leire Funk brings this action against Bank of Hawai'i ("BOH") and MTGLQ Investors, L.P. ("MTGLQ") (together "Defendants") alleging unlawful conduct related to Defendants' foreclosure of Plaintiff's real property. Exh. A to Am. Notice of Removal ("Compl."), ECF 16. On February 24, 2020, BOH removed this action from California state court based on diversity jurisdiction. *See* ECF 1. On March 3, 2020, Plaintiff filed the present motion for remand on the ground that BOH's Notice of Removal (at ECF 1) failed to establish: (1) the citizenship of MTGLQ, (2) that MTGLQ consented to removal, and (3) that the amount in controversy is met. Motion, ECF 11. On March 9, 2020, MTGLQ made its appearance in the case, consented to removal, and submitted that it is a citizen of Delaware and New York. ECF 12; 14. On the same day, BOH filed an amended Notice of Removal. Am. Notice of Removal, ECF 15. Pursuant to Civil L.R. 7-1(b), the Court finds Plaintiff's Motion for Remand suitable for decision without oral argument and hereby VACATES the hearing scheduled for June 11, 2020. For the reasons discussed below, the Court GRANTS Plaintiff's Motion for Remand and Request for Attorneys' Fees.

**I. BACKGROUND**

  Funk is the owner of the property located at 172 French St., San Jose, CA 95139 (the

1  "Property"). Compl. ¶ 7. On or about September 2002, Funk and her ex-husband obtained financing
2  secured by the Property (the "First Loan"), executing a Promissory Note and Deed of Trust currently
3  assigned to Defendant MTGLQ. *Id.* ¶ 8. On or about September 2003, Funk and her ex-husband
4  obtained a loan of $100,000 secured by the Property (the "Second Loan"), executing a Promissory
5  Note and Deed of Trust currently assigned to Defendant BOH. *Id.* ¶ 9. Funk claims that BOH
6  stopped sending her monthly statements in 2009 and that MTGLQ stopped sending her monthly
7  statements in 2015. *Id.* ¶¶ 10-11.

On October 8, 2019, BOH caused a Notice of Default to be recorded on the Second Loan. Compl. ¶ 12. On November 5, 2019, MTGLQ caused a Notice of Default to be recorded on the First Loan. *Id.* ¶ 13. On January 8, 2020, Plaintiff submitted a payoff request to BOH through her title company. *Id.* ¶ 14. On January 16, 2020, BOH provided Plaintiff with a payoff quote, including $11,479.50 in legal fees that Plaintiff now contests. *Id.* ¶¶ 15-16. On January 7, 2020, Plaintiff submitted a payoff request to MTGLQ through her title company. *Id.* ¶ 18. On January 30, 2020, MTGLQ provided Plaintiff with a payoff quote, including $13,176.81 in fees that Plaintiff now contests. *Id.* ¶¶ 18-19. Plaintiff alleges that these "fees are interfering with Plaintiff's attempts to avoid foreclosure." *Id.* ¶¶ 17, 21.

On February 6, 2020, Plaintiff filed a Complaint in Santa Clara County Superior Court against Defendants. *See generally* Compl. Based on the above allegations, Plaintiff asserts the following causes of action:

(1) Violation of Cal. Civ. Code Section 2924 (Against All Defendants);

(2) Violation of Cal. Civ. Code Section 2924(c) (Against All Defendants);

(3) Breach of Covenant of Good Faith and Fair Dealing (Against All Defendants);

(4) Breach of Contract (Against MTGLQ);

(5) Violation of Cal. Civ. Code Section 2943 (Against MTGLQ);

(6) Violation of Bus. and Prof. Code Section 17200 *et seq.* (Against All Defendants);

(7) Negligence (Against All Defendants); and

(8) Violation of Rosenthal Fair Debt Collect Practices Act, Cal. Civ. Code Section 1788, *et seq.* (Against All Defendants).

2

*See generally*, Compl.

On February 24, 2020, BOH filed a notice of removal on the basis of diversity jurisdiction. *See* Notice of Removal, ECF 1. Plaintiff moved to remand this action back to state court. *See* Motion. On March 9, 2020, MTGLQ filed its notice of appearance and consented to removal. ECF 12. On the same day, BOH filed a notice of errata regarding its notice of removal (ECF 13) and an amended notice of removal (ECF 15). Defendants oppose the Motion for Remand on the ground that there is diversity of citizenship and the amount in controversy requirement is met. *See* BOH's Opposition to Motion to Remand ("Opp'n"), ECF 20; MTGLQ's Joinder in Opposition of BOH to Plaintiff's Motion to Remand, ECF 22.

## II. DISCUSSION

### A. Requests for Judicial Notice

The Court may take judicial notice of documents referenced in the complaint, as well as matters in the public record. *See Lee v. City of L.A.*, 250 F.3d 668, 688–89 (9th Cir. 2001), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125–26 (9th Cir. 2002). In addition, the Court may take judicial notice of matters that are either "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Public records, including judgments and other court documents, are proper subjects of judicial notice. *See, e.g.*, *United States v. Black*, 482 F.3d 1035, 1041 (9th Cir. 2007). However, "[j]ust because the document itself is susceptible to judicial notice does not mean that every assertion of fact within that document is judicially noticeable for its truth." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018).

BOH requests judicial notice of (1) PACER Docket of bankruptcy case, *In re Rick Funk*, No. 09-52600 (Bankr. N.D. Cal.) (Exh. A); (2) Notice of Trustee's Sale dated February 13, 2020 (Exh. B); (3) Notice of Trustee's Sale dated January 24, 2020 (Exh. C); (4) Notice of Federal Tax Lien from the Internal Revenue Service dated August 5, 2011 and recorded on August 18, 2011— Doc. No. 21283637 (Exh. D); (5) Court Order from *MTGLQ Investors, L.P. v. Wellington*, No. 17-487 KG/LF (D.N.M. July 1, 2019) (Exh. E); and (6) Court Order from *Fisher v. Nationstar*

3

1  *Mortgage LLC*, No. 17-cv-02994-BLF (N.D. Cal. Oct. 16, 2017) (Exh. F).  Request for Judicial
2  Notice ("RJN"), ECF 21.  Plaintiff objects to the BOH's request as to Exhibits A, D, and E because
3  Defendants do not rely on these exhibits for their arguments in opposition to Motion for Remand,
4  and the inclusion of the documents would be prejudicial to Plaintiff.  Reply at 1, ECF 24.  Plaintiff
5  also objects the request as to Exhibit F (a previous opinion from this Court), labeling the request as
6  "confusing" because Defendants can simply cite to the opinion without the need for judicial notice.
7  *Id.*

8  The Court agrees with Plaintiff as to Exhibits A, D, and E and declines to judicially notice
9  those exhibits because they are not relevant to the Court's resolution to the Motion for Remand.
10  The Court, however, takes judicial notice of Exhibits B, C and F, because they are public documents,
11  *Lee*, 250 F.3d at 688-89, and are relevant to the resolution of this Motion.

12  In sum, BOH's request for judicial notice as to Exhibits B, C and F is GRANTED and BOH's
13  request for judicial notice as to Exhibits A, D, and E is DENIED.

14  **B.  Motion for Remand**

15  **1.  Legal Standard**

16  "[A]ny civil action brought in a State court of which the district courts of the United States
17  have original jurisdiction, may be removed by the defendant or the defendants, to the district court
18  of the United States for the district and division embracing the place where such action is pending."
19  28 U.S.C. § 1441(a).  "A defendant may remove an action to federal court based on federal question
20  jurisdiction or diversity jurisdiction."  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.
21  2009) (citing 28 U.S.C. § 1441(a)).  District courts have diversity jurisdiction over all civil actions
22  between citizens of different states where the amount in controversy exceeds $75,000, exclusive of
23  interests and costs.  28 U.S.C. § 1332.  If the district court determines that it lacks jurisdiction, the
24  action should be remanded back to the state court.  *Martin v. Franklin Capital Corp.*, 546 U.S. 132,
25  134 (2005).  The Ninth Circuit recognizes a "strong presumption against removal."  *Gaus v. Miles*,
26  Inc., 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted).  Thus, "[f]ederal jurisdiction
27  must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*  The court
28  "resolves all ambiguity in favor of remand."  *See Matheson v. Progressive Specialty Ins. Co.*, 319

F.3d 1089, 1090 (9th Cir. 2003). In her Motion, Plaintiff argues that the Notice of Removal failed to establish both diversity of citizenship and the amount in controversy. *See* Motion.

### 2. Diversity of Citizenship

In her Motion for Remand, Plaintiff argues that Defendants have not established diversity of citizenship – in the original Notice of Removal at ECF 1 – because "[n]o evidence has been presented regarding [MTGLQ's] citizenship" and MTGLQ has not consented to removal. Motion at 5-7. Diversity jurisdiction under 28 U.S.C. Section 1332(a)(1) requires that the action is between citizens of different States. 28 U.S.C. § 1332(a)(1). As Plaintiff correctly notes, the citizenship of a limited partnership, like MTGLQ, is established through identifying the partners of the partnership. Motion at 3; *see Carden v. Arkoma Assoc.*, 494 U.S. 185, 195 (1990) ("Diversity jurisdiction in a suit by or against a [limited partnership] depend[s] on the citizenship of all the members.").

Defendants respond that MTGLQ's consent to notice of removal and disclosure of citizenship (ECF 14) and BOH's amended notice of removal (ECF 15) – both filed after Plaintiff filed her Motion for Remand – demonstrate that MTGLQ is a citizen of Delaware and New York and that MTGLQ has consented to removal. Opp'n at 3. Further, BOH is a citizen of Hawaii and Plaintiff is a resident and citizen of California. Am. Notice of Removal at 3-4; *see* Compl. ¶¶ 2, 7. Plaintiff no longer contests that diversity of citizenship exists. *See* generally, Reply.

Accordingly, because the Amended Notice of Removal clarifies that diversity of citizenship has been established, the only issue remaining in dispute is whether the amount in controversy is established.

### 3. Amount in Controversy

The parties' dispute over the amount in controversy arises from ambiguity in the Complaint regarding the specific amount of damages. "[W]hen a complaint filed in state court alleges on its face an amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is presumptively satisfied unless it appears to a legal certainty that the plaintiff cannot actually recover that amount." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). "Where it is unclear or ambiguous from the face of a state-court complaint whether the

5

requisite amount in controversy is pled, . . . we apply a preponderance of the evidence standard." *Id.* Further, when "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

Plaintiff argues that Defendants have not established that the amount in controversy limit has been met. Motion at 7. Defendants, on the other hand, argue that the combination of damages Plaintiff seeks "put[s] the amount in controversy well over $75,000." Opp'n at 5. Plaintiff seeks compensatory damages, statutory damages, damages for emotional distress, punitive damages, disgorgement, and attorneys' fees and costs. Compl. at Prayer. In addition, Defendants argue that they are entitled to transactional costs that arise from the delaying of foreclosure on the Property. Opp'n at 9. The Court will consider each form of damages in turn.[1]

### a. Value of Plaintiff's Loans

Although this dispute is about the foreclosure of real property, the value of the property or amount of indebtedness is irrelevant to the amount in controversy because Plaintiff seeks only a temporary injunction of foreclosure proceedings. *See Corral v. Select Portfolio Servicing, Inc.*, 878 F.3d 770, 776 (9th Cir. 2017). Plaintiff, citing *Corral,* argues that Defendants are incorrect "to imply that the amount in controversy is exceeded because the total value of the loans exceeds $555,000.00." Motion at 7 (citing *Corral*, 878 F.3d at 776). For their part, while mentioning Plaintiff's "unpaid principal on the loans" several times, Defendants do not meaningfully argue that the value of Plaintiff's loans should be included in the amount in controversy. *See e.g.*, Opp'n at 1, 6; Am. Notice of Removal ¶ 14.

In *Corral*, the Ninth Circuit found that where plaintiff seeks only a temporary injunction on the foreclosure, the amount in controversy does not include the full indebtedness on the property because the outcome of the suit would not result in plaintiff being relieved of the obligation to repay the debt. *Corral*, 878 F.3d at 776. Here, Plaintiff seeks a temporary injunction pending the resolution of this action. Compl., Prayer ¶¶ 2-4. Thus, under *Corral*, neither the value of the

---

[1] Because the parties do not provide a basis for, nor do they contest, damages under the theory of disgorgement, the Court need not address disgorgement at this time.

1  property nor the amount of indebtedness is included in the amount in controversy.

### b. Compensatory Damages

With regard to compensatory damages, Plaintiff alleges "approximately $12,000.00 in unlawful legal fees" charged by BOH and "approximately $14,000.00 in unlawful legal fees" charged by MTGLQ. Compl. ¶¶ 25-26. The parties do not meaningfully dispute the inclusion of these legal fees as compensatory damages in estimating the amount in controversy. Thus, Plaintiff's request for compensatory damages adds $26,000 to the amount in controversy.

### c. Statutory Damages

With regard to statutory damages, Defendants argue that "Plaintiff's claim for statutory damages under the California Homeowner Bill of Rights adds $50,000 to her claims" per Defendant. *See* Am. Notice of Removal ¶ 16; *see also* Opp'n at 6. In response, Plaintiff argues that (1) she "does not bring any causes of action under the Homeowner's Bill of Rights" ("HBOR"), and (2) even if Plaintiff did allege HBOR claims, monetary damages under the HBOR are not available prior to the recordation of a trustee's deed upon sale. Reply at 3. Specifically, Plaintiff argues that she "filed her complaint before any trustee sale took place, and thus before a [trustee's deed upon sale] could be recorded." *Id*.

As an initial matter, the Court notes that Plaintiff has clearly brought causes of action under HBOR. The first and second causes of action are for violations of Cal. Civ. Code § 2924 – an HBOR statute. *See Beverly v. Bank of New York Mellon for Certificate-holders of CWABS, Inc. Asset-Backed Certificates, Series 2005-16*, 751 F. App'x 1011, 1013 (9th Cir. 2018) (identifying California's Homeowner Bill of Rights by Cal. Civ. Code §§ 2920-2924); *see also Valbuena v. Ocwen Loan Servicing, LLC*, 237 Cal. App. 4th 1267, 1272 (2015), *as modified* (June 19, 2015) ("The Homeowner Bill of Rights (Civ.Code,4 §§ 2920.5, 2923.4–.7, 2924, 2924.9–.12, 2924.15, 2924.17–.20) ('HBOR'), effective January 1, 2013, was enacted to ensure that, as part of the nonjudicial foreclosure process, borrowers are considered for, and have a meaningful opportunity to obtain, available loss mitigation options, if any, offered by or through the borrower's mortgage servicer, such as loan modifications or other alternatives to foreclosure.") (citation omitted).

Turning to Plaintiff's substantive argument, she is correct that statutory damages under the

7

1   HBOR are not available to Plaintiff prior to the recordation of a trustee's deed upon sale. *See* Cal.
2   Civ. Code § 2924.12(b).  Defendants do not provide any evidence that the Property was sold and
3   that a trustee's deed upon sale was recorded.  BOH requested and the Court took judicial notice of
4   ***notices*** of trustee's sales (Exhs. B & C to RJN) but Defendants have not provided any evidence as
5   to the ***recordation of a trustee's deed upon sale*** as required by Cal. Civ. Code Section 2924.12.
6   *See*; *Williams v. Wells Fargo Bank, N.A.*, 2018 WL 453748, at *4 (E.D. Cal. Jan. 17, 2018)
7   (remanding the case and finding that "the $50,000 statutory damages provision of § 2924.12 only
8   applies after a sale has been conducted in a manner the court finds to be willful or reckless[.]");
9   *Foote v. Wells Fargo Bank, N.A.*, No. 15-CV-04465-EMC, 2016 WL 2851627, at *7 (N.D. Cal.
10  May 16, 2016) ("Because Plaintiff failed to allege a trustee's sale had occurred, her allegations are
11  insufficient to state a claim for monetary relief [under § 2924.12(b)].").

12  Although the Notices of Trustee's Sale (Exhibits B & C to RJN) indicate that the trustee's
13  sale was scheduled for February 26, 2020 (Exhibit C to RJN) and March 18, 2020 (Exhibit B to
14  RJN) and those dates have now passed, "the Court determines the amount in controversy from the
15  allegations in the Complaint—not by considering whether events could or could not have occurred
16  since." *Jauregui v. Nationstar Mortg. LLC*, No. EDCV 15-00382-VAP, 2015 WL 2154148, at *5
17  (C.D. Cal. May 7, 2015).  Here, Plaintiff does not allege that the sale has occurred or that a trustee's
18  deed upon sale has been recorded.  Neither have Defendants presented any evidence of the sale.
19  Section 2924.12(b), therefore, does not apply. Thus, contrary to Defendants' assertions, Plaintiff's
20  request for statutory damages does not add $50,000 per Defendant to the amount in controversy
21  under Cal. Civ. Code Section 2924.12(b); *see* Opp'n at 6-7.

22  Plaintiff concedes that "[t]he only statutory damages available are those under section 2943,
23  and those amount to just $300.00." Reply at 3; *see also* Cal. Civ. Code § 2943.   Thus, Plaintiff's
24  request for statutory damages will add $300 to the amount in controversy.

25            d.   Emotional Distress Damages
26  With regard to emotional distress damages, Defendants argue that "Plaintiff's claim for
27  emotional distress damages will also add at least thousands of dollars to her claims." Am. Notice
28  of Removal ¶ 17; *see also* Opp'n at 7.  Plaintiff responds that "Defendant does not actually try to

8

1    establish the amount of emotion distress damages . . . but just asserts they could be thousands of
2    dollars." Reply at 4. In determining appropriate emotional distress damages, the courts may
3    consider "emotional distress damage awards in similar . . . cases." *Kroske v. U.S. Bank Corp.*, 432
4    F.3d 976, 980. Defendants cite one similar foreclosure case that awarded $20,000 in emotional
5    distress damages.[2] Opp'n at 7 (citing *In re Dawson*, 346 B.R. 503, 511 (N.D. Cal. 2006)). The
6    court in *Dawson*, however, granted emotional distress damages because the defendant had willfully
7    violated an automatic stay on a foreclosure by attempting to evict plaintiff. *In re Dawson*, 346 B.R.
8    at 510. In this case, Defendants have not pointed the Court to any extenuating circumstances other
9    than Plaintiff's general allegations of emotional distress. Opp'n at 7 (citing Compl. ¶¶ 28, 39, 54).
10   Thus, Defendants have failed to provide a basis for, or amount which, Plaintiff could recover
11   emotional distress damages.

       e.  Punitive Damages

13   With regard to punitive damages, Defendants argue that "Plaintiff's claims for punitive
14   damages will add at least thousands of dollars to her claims." Am. Notice of Removal ¶ 18. Plaintiff
15   replies that "Defendant provides no authority for its assertion that punitive damages are at least
16   $26,000." Reply at 4. "To establish probable punitive damages, defendant may introduce evidence
17   of jury verdicts in cases involving analogous facts." *Simmons v. PCR Technology*, 209 F. Supp. 2d
18   1029, 1033 (N.D. Cal. 2002). Defendants cite to *Guglielmino v. McKee Foods Corp.*, to support
19   their claim that "Plaintiff's request for punitive damages would add at least $26,000 to the amount
20   in controversy." Opp'n at 8 (citing *Guglielmino*, 506 F.3d 696, 698 (9th Cir. 2007) (upholding
21   district court estimate of 1:1 punitive damages to economic damages ratio)). As Defendants note,
22   this Court has found the 1:1 ratio upheld in *Guglielmino* to be an appropriate estimate of punitive
23   damages in foreclosure cases. Opp'n at 8 (citing Order on Motion to Dismiss, *Fisher v. Nationstar*
24   *Mortg. LLC*, No. 17-cv-02994-BLF, ECF 28 (N.D. Cal. October 16, 2017)). Thus, the Court is

---

[2] Defendants cite to two other cases to provide an estimate for emotional distress damages—these cases are irrelevant because they are not factually similar to the case at hand (*i.e.,* related to foreclosure). *See* Opp'n at 7 (citing *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (age discrimination claim); *Duncan v. State Farm Mutual Automobile Ins. Co.*, No. 2:18-cv-01174-KJM AC, 2019 WL 6210931, at *2 (E.D. Cal. Nov. 21, 2019) (insurance claim reading a stolen vehicle)).

1  persuaded that Defendants have shown, by a preponderance of evidence, that Plaintiff's request for
2  punitive damages would add $26,000 to the amount in controversy.

          f.   Attorneys' Fees

With regard to attorneys' fees, Defendants argue that "Plaintiff's request for attorney fees and costs adds thousands of dollars to her claims." Am. Notice of Removal ¶ 1; *see also* Opp'n at 8 (citing Cal. Civ. Code 2924.12(h)). Defendants fail, however, to provide a basis on which the Court is able to make an estimate of attorneys' fees. Thus, even if Plaintiff is able to recover on attorneys' fees, there is no basis for the Court to estimate fees necessary to satisfy the amount in controversy requirement.

### 4. Defendants' Transactional Costs

Finally, Defendants argue that they "will also incur thousands of dollars in transactional costs from the delaying of foreclosure on Plaintiff's property." Am. Notice of Removal ¶ 19; *see also* Opp'n at 9. Plaintiff responds that "Defendant asserts that the transactional costs may be thousands of dollars, but again, does not attempt to substantiate this claim." Reply at 4.

As Defendants correctly note, "transactional costs to the lender of delaying foreclosure or a fair rental value of the property during the pendency of the injunction . . . can be added to any other compensatory damages sought by the plaintiff to determine whether more than $75,000 is in controversy." Opp'n at 6 (quoting *Corral*, 878 F.3d at 776). But here, Defendants fail to provide a basis on which the Court is able estimate what those transactional costs might be. *See* Opp'n at 9. Thus, even if Defendants are able to recover transactional costs there is no basis for the Court to estimate transactional costs in the amount necessary to satisfy the amount in controversy requirement.

                        \*\*\*

In conclusion, Defendants have established the amount in controversy in this case is as follows: $26,000 in compensatory damages, $300 in statutory damages, and $26,000 in punitive damages, totaling to $52,300. Thus, Defendants have failed to meet their burden of proving, by a preponderance of evidence, that the amount in controversy exceeds the jurisdictional threshold.

### C. Plaintiff's Request for Attorneys' Fees

Plaintiff requests the Court to award attorneys' fees and costs for bringing his Motion for Remand. *See* Motion at 8-10. Plaintiff argues that "removal was objectively unreasonable" because the law is "clear that the amount in controversy must exceed $75,000.00 and that the value of a loan is irrelevant unless the case is a wrongful foreclosure case." Motion at 9. Defendants, on the other hand, argue that BOH had an "objectively reasonable basis for removal based on the citizenship of MTGLQ and the amount in controversy." Opp'n at 9.

Upon issuing an order remanding the case, a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. § 1447(c). The "award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The standard for awarding fees turns "on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Courts have determined whether removal was objectively reasonable in part "by looking to the clarity of the law at the time of removal." *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

After reviewing the briefing and relevant authority, the Court agrees with Plaintiff that an award of reasonable attorneys' fees under Section 1447(c) is justified in these circumstances. First, *Corral* is clear that neither the value of the property nor the amount of indebtedness is included in the amount in controversy when Plaintiff is seeking a temporary injunction. 878 F.3d at 776. Second, the bulk of BOH's proposed amount in controversy comes from the $50,000 in statutory damages it claims Plaintiff seeks under the HBOR. Opp'n at 6. The HBOR statute is clear that monetary damages are only available *after* a trustee's deed upon sale has been recorded. Cal. Civ. Code § 2924.12(a)(1). Defendants have not provided any evidence that the Property was sold or that a trustee's deed upon sale had been recorded. As discussed above, without the statutory damages, the amount in controversy does not reach $75,000. Moreover, BOH admits that its original notice of removal was faulty thereby forcing Plaintiff to bring this Motion as to the issues of MTGLQ's citizenship and consent to removal. *See* Notice of Errata.

11

In sum, because the law was clear at the time of removal, BOH lacked an objectively reasonable basis for removal. Thus, Plaintiff is entitled to recover attorneys' fees and costs from BOH for bringing this Motion.   The Court will retain jurisdiction over the award of fees and costs, as a matter collateral to the order remanding this case to state court. *See Moore v. Permanente Med. Grp., Inc.*, 981 F.2d 443, 445 (9th Cir. 1992).

## III.   ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion for Remand at ECF 11 is GRANTED.  The Clerk shall remand this action to the Superior Court of the Stata of California for Santa Clara County.

(2) Plaintiff's request for attorneys' fees and costs is GRANTED.

(3) Plaintiff shall file a declaration no longer than five (5) pages in length, with supporting documentation, regarding the fees and costs incurred as a result of the removal within fourteen (14) days of the date of this Order.  If BOH wishes to respond to Plaintiff's declaration regarding attorneys' fees, it may file an opposition, not to exceed five (5) pages, within seven (7) days of receiving the declaration.

(4) Defendant MTGLQ's motion to dismiss the Complaint at ECF 17 is TERMINATED without prejudice.

**IT IS SO ORDERED.**

Dated: May 14, 2020

_____
BETH LABSON FREEMAN
United States District Judge