UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LEIR FUNK,<br><br>    Plaintiff,<br><br>v.<br><br>BANK OF HAWAII, et al.,<br><br>    Defendants. | Case No. 20-cv-01378-BLF<br><br>**ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEY'S FEES AND COSTS**<br><br>[Re: ECF 28] |

Before the court is Plaintiff Leire Funk's Request for Attorney's Fees and Costs at ECF 11. For the reasons stated below, Plaintiff's Request for Attorney's Fees is GRANTED.

**I.   BACKGROUND**

Plaintiff Leire Funk brings this action against Bank of Hawai'i ("BOH") and MTGLQ Investors, L.P. ("MTGLQ") (together "Defendants") alleging unlawful conduct related to Defendants' foreclosure of Plaintiff's real property. Exh. A to Am. Notice of Removal ("Compl."), ECF 16. On February 24, 2020, BOH removed this action from California state court based on diversity jurisdiction. *See* ECF 1. On March 3, 2020, Plaintiff filed a motion for remand challenging BOH's basis for establishing diversity jurisdiction and requested attorney's fees related to the motion for remand from BOH. Mot. for Remand and Request for Attorney's Fees and Costs ("Mot."), ECF 11. On March 9, 2020, BOH filed a notice of errata regarding its notice of removal and an amended notice of removal. ECF 13; ECF 15. On the same day, MTGLQ filed its notice of appearance, consented to removal, and clarified its citizenship. ECF 12; 14. On March 24, 2020, Plaintiff filed a reply. ECF 24. On May 14, 2020, the Court granted Plaintiff's motion for remand and request for attorney's fees against BOH. ECF 26. The Court allowed Plaintiff to file a declaration setting out her requested fees. *Id.* at 12. On May 27, 2020, Plaintiff filed a declaration

1    setting out the attorney's fees with regard to the motion for remand. Decl. of Brenna Wood
2    Fitzpatrick ("Fitzpatrick Decl."), ECF 28. The time for BOH to respond to Plaintiff's declaration
3    has passed without any response.

**II.     ATTORNEYS' FEES**

In calculating awards for attorneys' fees, courts apply the "lodestar" method to the facts of each case. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008); *see also Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983). The lodestar amount is presumptively reasonable. *See Vogel v. Harbor Plaza Center, LLC*, 893 F.3d 1152, 1161 (9th Cir. 2018). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996), *opinion amended on denial of reh'g*, 108 F.3d 981 (9th Cir. 1997). Once calculated, the lodestar amount may be further adjusted based on other factors not already subsumed in the initial lodestar calculation. *Morales*, 96 F.3d at 363–64, 363 nn.3–4 (identifying factors) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975), *abrogated on other grounds by City of Burlington v. Dague*, 505 U.S. 557 (1992)).

Here, Plaintiff seeks to recover $2,655.00 billed by one attorney, Brenna Wood Fitzpatrick ("Fitzpatrick"). Fitzpatrick Decl. ¶ 5. Fitzpatrick is two years out of law school. *Id*. ¶ 2. She bills at $295.00 per hour. *Id*. Fitzpatrick spent 9 hours working on matters related to the motion for remand. *Id*. ¶ 3.

As explained below, the Court finds that both the hourly rate and number of hours spent are reasonable and therefore GRANTS Plaintiff's request for attorney's fees.

**A.     Reasonableness of Rates**

When determining an attorney's reasonable hourly rate, courts weigh the "experience, skill, and reputation of the attorney requesting fees," and compare the requested rates to prevailing market rates of the relevant community. *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *op. am. on denial of reh'g*, 808 F.2d 1373 (9th Cir. 1987); *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). The relevant community is typically the forum in which the district court sits. *Camacho*, 523 F.3d at 979. To determine the prevailing market rate, courts may rely on

1  attorney affidavits as well as "decisions by other courts awarding similar rates for work in the same
2  geographical area by attorneys with comparable levels of experience." *Trujillo v. Orozco*, No. 5:17-
3  cv-00566-EJD, 2018 WL 1142311, at *2 (N.D. Cal. Mar. 2, 2018); *see also United Steelworkers of*
4  *Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

5  Here, the relevant community is the Northern District of California. Plaintiff submitted a
6  detailed itemization of attorney's fees. Fitzpatrick Decl. Exh. A. Fitzpatrick charged an hourly rate
7  of $295 per hour. Fitzpatrick Decl. ¶ 5. Fitzpatrick states that an attorney at her level of experience
8  at her firm charges at $372.00 per hour, and her rate, $295 per hour, is reasonable. *Id.* ¶ 2.

9  The Court agrees. In examining rates for similar work (business and commercial litigation)
10 and experience (associate), courts in the Northern District have found rates in a similar range to be
11 reasonable. *See, e.g.*, *Superior Consulting Servs., Inc. v. Steeves-Kiss*, No. 17-cv-06059-EMC, 2018
12 WL 2183295, at *5 (N.D. Cal. May 11, 2018) ("[D]istrict courts in Northern California have found
13 that rates of $300–$490 per hour for associates are reasonable."); *Gutierrez v. Wells Fargo Bank*,
14 N.A., No. C 07-05923 WHA, 2015 WL 2438274, at *5 (N.D. Cal. May 21, 2015) (finding
15 reasonable rates for Bay Area attorneys of $300–$490 for associates); *Prison Legal News v.*
16 *Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (finding no abuse of discretion in awarding fees
17 at a 2008 hourly rates of $340 for a fifth-year associate).

18 Thus, the Court finds that the attorney's rate fall within the range determined reasonable
19 given the prevailing market in the Northern District of California and the attorney's skills and
20 experience.

21 **B.  Reasonableness of Hours**

22 The Court next considers the reasonableness of the hours expended. A court cannot
23 "uncritically" accept a party's representations; rather, it must assess the reasonableness of the hours
24 requested. *Sealy, Inc. v. Easy Living, Inc.*, 743 F.2d 1378, 1385 (9th Cir. 1984). In making this
25 determination, the Court can reduce hours when documentation is inadequate, or when the requested
26 hours are redundant, excessive, or unnecessary. *Hensley*, 461 U.S. at 433–34. The moving party
27 bears the burden of providing relevant documentation. *Id.* at 433. Upon examining the
28 documentation, the court should then exclude from the initial lodestar calculation any hours that are

not reasonably expended. *Id.* at 434.

Here, from February 25, 2020, through March 24, 2020, Fitzpatrick expended 9 hours on preparing the motion for remand and related submissions. Fitzpatrick Decl. Exh. B. The Court has reviewed Fitzpatrick's billed hours on various tasks associated with the motion for remand and the supporting reply. The 10-page motion for remand is thorough and clear, explicitly laying out why BOH failed to carry its burden of establishing the basis for removal. *See* Mot. The 6-page reply also properly addressed the issues raised in the opposition and further explained why BOH has failed to establish diversity jurisdiction of this Court. *See* Reply in Supp. of Mot., ECF 24. Fitzpatrick's 9 hours are reasonable under the circumstances.

In sum, the Court finds that the work was billed at a reasonable rate and was performed within reasonable time. Thus, this Court GRANTS the requested attorney's fees.

### III. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Plaintiff shall recover attorney's fees in the amount of $2,655.00 requested in ECF 28.

**IT IS SO ORDERED.**

Dated: June 29, 2020

BETH LABSON FREEMAN
United States District Judge